ARMSTRONG v. KOSCIUSKO.   See Case No. 18,226.

———

## Case No. 18,227.

### ASHLEY et al. v. MADDOX.

[Hempst. 217.] [1]

Superior Court, Territory of Arkansas.  Jan., 1833.

GARNISHMENT—PROSPECTIVE OPERATION OF ACT—DOUBLE JUDGMENT FOR SINGLE DEBT.

1. Garnishments could not issue on judgments rendered prior to November 7, 1831, as the garnishment act was prospective and not retrospective.   Ter. Dig. 346.

2. A double judgment cannot be rendered for a single debt.

Error to Phillips circuit court.

[1] [Reported by Samuel H. Hempstead, Esq.]

[This was a proceeding by Chester Ashley against Easther Maddox, administratrix of Thomas Maddox, deceased.]

Before ESKRIDGE, CROSS, and CLAYTON, Judges.

OPINION OF THE COURT. The defendant in error, in the year 1827, obtained several judgments against. Samuel K. Green, and in .February, 1832, issued a summons from the circuit court of Phillips county against the plaintiffs, under the act passed in November, 1831, entitled "An act to enable judgment creditors to collect their debts with more facility," (Ter. Dig. 346), calling upon the plaintiffs, as garnishees, to state whether they were indebted to Green, or had any effects of his in their hands. Percifull and Ashley did not enter their appearance to the summons, and a jury being impanelled, to ascertain if anything was due to Green from Percifull and Ashley, or either of them, returned a verdict that Percifull was indebted to Green in a sum sufficient to pay the amount due from Green to the defendants, and that the claims were in the hands of Ashley, as an attorney, for collection. Upon this verdict the court rendered a joint judgment against Ashley and Percifull, for two hundred and ninety-six dollars, and ninety-three cents. It is contended that the judgment is erroneous for several reasons, and of this opinion is the court. The act of 1831, under which the proceeding purports to be had, gives this remedy, "in all cases where any plaintiff shall obtain judgment." Its words only comprehend judgments obtained after its passage, and this court cannot, by construction, give it a retrospective effect, and make it embrace judgments previously rendered. It is not for us to speculate on the supposed meaning and intention of the legislature. Where there is no doubt or ambiguity in the words used, there is no room for construction. Upon the finding of the jury, a judgment is rendered which is manifestly wrong. Percifull was indebted to Green, and the claim was in Ashley's hands for collection. It was error to give a double judgment for a single debt. The statute places the judgment creditor, the defendant in this case, in the same situation which Green occupied. If the case were otherwise within the purview of the statute, she might go against Percifull, or might go against Ashley, if he were in default, but could not go against both for a debt due from one only. Judgment reversed.